UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SYRACUSE POLICE DEPARTMENT,<br><br>　　　　　Defendant. | CIV. NO. 24-00444 LEK-KJM |

**ORDER DISMISSING, WITHOUT LEAVE TO AMEND, PLAINTIFF'S
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND
DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

　　　　On October 10, 2024, pro se Plaintiff Robert W. Johnson ("Johnson") filed a Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1,[1] 2.] For the reasons set forth below, the Complaint is hereby dismissed based on improper venue. The dismissal is without leave to amend in the instant case, but without prejudice to the pursuit of Johnson's claim in the appropriate court. In light of these rulings, Johnson's Application is denied as moot.

---

[1] The Complaint includes the name, contact information, and signature of Willie Johnson, Esq. See Complaint at § VI.B. However, there is no attorney named Willie Johnson authorized to practice in this district. Johnson is therefore assumed to be representing himself pro se.

## **STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[2] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[2] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

2

> curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

**DISCUSSION**

Johnson alleges that, on September 2, 2024, Ronald L. Reid ("Reid") was trespassing on Johnson's property in Syracuse, New York. Defendant Syracuse Police Department ("Defendant") was called. See Complaint at §§ III.A-C; see also id. at § I.B (identifying the defendant in the case). Four police officers responded but "failed to arrest and author a restraining order against" Reid. See id. at § III.C. Johnson brings this action pursuant to Title 42 United States Code Section 1983, and he alleges Defendant discriminated against him and violated his civil rights, including his right to due process. See id. at §§ II.A, B.

The address that Johnson provided for himself is in Syracuse, New York. See id. at § I.A. Johnson provides a "corporate" address for Defendant in Syracuse, New York.

I. **Actions in Other Districts**

Johnson has filed numerous actions in other United States District Courts around the country that are virtually identical to the instant case. For example, Johnson filed a Complaint for Violation of Civil Rights in Johnson v. Syracuse Police Department, Case No. 1:24-cv-06496 RER-PK (E.D. Ky.), on September 16, 2024 ("Kentucky Complaint" and "Kentucky Action"). [Kentucky Action, dkt. no. 1.] The Kentucky Complaint appears to be identical to the Complaint filed in the instant case. On

4

September 18, 2024, the Kentucky Action was transferred to the United States District Court for the Northern District of New York, the district which encompasses Syracuse, New York. See Kentucky Action, Order, filed 9/18/24 (dkt. no. 6).

Johnson is subject to a Pre-Filing Order in the Northern District of New York. See In re Johnson, Case No. 5:22-PF-0003 (GTS), 2022 WL 1597718, at *2 (N.D.N.Y. May 19, 2022). Therefore, the Kentucky Action is docketed as a proposed complaint in In re Johnson, Case No. 5:22-PF-0003 (GTS) (N.D.N.Y.) ("New York Proceeding"). See New York Proceeding, dkt. no. 58. On October 25, 2024, the district court in the New York Proceeding issued an order noting that, as to the Kentucky Complaint and other complaints transferred to the Northern District of New York, Johnson must file an application that complies with the procedures set forth in the Pre-Filing Order for each complaint. See New York Proceeding, dkt. no. 76. Relevant to the instant case, Johnson was warned that, if he fails to file an application by November 8, 2024, he will be denied leave to proceed as to the Kentucky Complaint. See id.

**II. Venue**

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cnty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great

5

Western United Corp., 443 U.S. 173, 181 (1979)).[3] Title 28 United States Code Section 1391(b) states:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The plaintiff has the burden of showing that venue is proper in this district." Spagnolo, 2015 WL 7566672, at *2 (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

Based on the allegations of the Complaint, subsections (b)(1) and (b)(2) do not apply in this case. Further, subsection (b)(3) does not apply because there is a district in which Johnson's claim can be brought - the Northern District of New York, provided that Johnson complies with the Pre-Filing Order. This Court therefore concludes that Johnson's Complaint

---

[3] Leroy addressed an older version of 28 U.S.C. § 1391(b). See 443 U.S. at 179.

6

does not plead a sufficient basis for venue in the District of Hawai`i.

When this Court determines that a case has been filed in an improper venue, this Court should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)).[4] Although this Court acknowledges that a pro se plaintiff is generally entitled to notice of the defects in his complaint and the opportunity to amend, see Lucas, 66 F.3d at 248, this Court concludes that dismissal without leave to amend is appropriate in this case because the Kentucky Complaint, which is virtually identical to the Complaint in the instant case, is currently pending Johnson's compliance with the Pre-Filing Order in the New York Proceeding. Moreover, the Northern District of New York is a proper venue for this action because it is the district in

---

[4] In Rosiere, the magistrate judge's report and recommendation was adopted, as modified on other grounds, by the district judge. 2016 WL 3440566 (June 20, 2016).

which the events at issue in this case occurred. See § 1391(b)(2); see also Complaint at § III.A, III.C.

Johnson's Complaint is therefore dismissed based on improper venue. The dismissal is without leave to amend in the instant case, but without prejudice to the litigation of Johnson's claim in the Northern District of New York.

Because the Complaint has been dismissed without leave to amend, it is not necessary to rule on the Application. The Application is therefore denied as moot.

## CONCLUSION

On the basis of the foregoing, Johnson's Complaint for Violation of Civil Rights, filed October 10, 2024, is HEREBY DISMISSED. The dismissal is WITHOUT LEAVE TO AMEND in the instant case. In light of the dismissal, Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, filed October 10, 2024, is DENIED AS MOOT.

The Clerk's Office is DIRECTED to close the case on **November 19, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 4, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

ROBERT W. JOHNSON VS. SYRACUSE POLICE DEPARTMENT; CV 24-00444 LEK-KJM; ORDER DISMISSING, WITHOUT LEAVE TO AMEND, PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS